AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>9:20MJ4 | Date and time warrant executed:<br>2/18/20 , 10:09 A | Copy of warrant ~~and inventory~~ left with:<br>T-Mobile |
| Inventory made in the presence of :    N/A | | |

Inventory of the property taken and name of any person(s) seized:

T-mobile provided digital records for telephone number (346) 320-9140. The records included subscriber and account information, and historical cell site data. T-mobile provided prospective location data and pen register / trap & trace data until approximately April 14, 2020.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 0 2 2020

BY
DEPUTY _____

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: April 18, 2020

_____
Executing officer's signature

Special Agent Jeffrey Anderson
Printed name and title

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

### for the

Eastern District of Texas

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No.    9:20MJ4 |
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (346) 320-9140, WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY / ELECTRONIC SERIAL NUMBER 310260957213261 | ) ) ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____New Jersey_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____.
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for _30_ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

| | |
|---|---|
| Date and time issued:    *Feb 14, 2020* | *(signature)* |
| | *Judge's signature* |
| City and state:    Beaumont, Texas | U.S. Magistrate Judge Keith F. Giblin |
| | *Printed name and title* |

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **(346) 320-9140,** with International Mobile Subscriber Identity / Electronic Serial Number 310260957213261, with an unlisted subscriber (the "**SUBJECT ACCOUNT**"), whose wireless service provider is **T-Mobile USA Inc/Metro PCS,** a wireless telephone service provider headquartered at **4 Sylvan Way, Parsippany, New Jersey 07054**.

2. Records and information associated with the **SUBJECT ACCOUNT** that is within the possession, custody, or control of **T-Mobile USA Inc/Metro PCS,** including information about the location of the cellular telephone if it is subsequently assigned a different call number, and location of and communications with the **SUBJECT ACCOUNT** if the telephone number of the **SUBJECT ACCOUNT** is subsequently assigned to a different device.

## ATTACHMENT B

### Particular Things to be Seized

### I.  Information to be Disclosed by the Provider

All information about the location of the **SUBJECT ACCOUNT** described in

Attachment A for a period of sixty days, during all times of day and night.  "Information about

the location of the **SUBJECT ACCOUNT**" includes all available E-911 Phase II data, GPS

data, latitude-longitude data, and other precise location information, as well as all data about

which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e.,

faces of the towers) received a radio signal from the cellular telephone described in Attachment

A.

To the extent that the information described in the previous paragraph (hereinafter,

"Location Information") is within the possession, custody, or control of **T-Mobile USA**

**Inc/Metro PCS**, including any information that has been deleted but is still available to **T-**

**Mobile USA Inc/Metro PCS** or that has been preserved pursuant to a request made under 18

U.S.C. § 2703(f), **T-Mobile USA Inc/Metro PCS** is required to disclose to the government the

following information pertaining to the **SUBJECT ACCOUNT** listed in Attachment A:

    a.  The following information about the customers or subscribers associated with the

        **SUBJECT ACCOUNT** for the time period authorized by the warrant:

           i.  Names (including subscriber names, user names, and screen names);

          ii.  Addresses (including mailing addresses, residential addresses, business
              addresses, and e-mail addresses);

         iii.  Local and long distance telephone connection records;

iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

v. Length of service (including start date) and types of service utilized;

vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records and

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the **SUBJECT ACCOUNT**, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(B) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received) as well as per-call measurement data.

b. Information associated with each communication to and from the **SUBJECT ACCOUNT**, pursuant to 18 U.S.C. §§ 3122 and 3123, allowing the installation and use of pen registers and trap and trace devices, for a period of 60 days from the date of this warrant, including:

i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

2

      ii.   Source and destination telephone numbers;

     iii.   Date, time, and duration of communication; and

c.   All information about the location of the **SUBJECT ACCOUNT** described in Attachment A for a period of 60 days, during all times of day and night, including:

      i.   "Information about the location of the **SUBJECT ACCOUNT**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

      ii.   To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the **SUBJECT ACCOUNT** on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

3

This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

## II.  Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 21 U.S.C. §§ 841 and 846, conspiracy to distribute and possess with intent to distribute controlled substances, distribution of controlled substances, and possession of controlled substances with the intent to distribute committed by J. CANSECO and others.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.